**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**GARY PALMER,**

                  **Plaintiff,**

      v.                                                        **6:19-CV-114
(FJS/TWD)**

**SIMON'S AGENCY, INC.; and DOES 1-10,**

                  **Defendants.**

---

| | |
|---|---|
| **APPEARANCES** | **OF COUNSEL** |
| **LEMBERG LAW, LLC**<br>43 Danbury Road<br>Wilton, Connecticut 06897<br>Attorneys for Plaintiff | **SERGEI LEMBERG, ESQ.** |
| **NEWMAN & LICKSTEIN**<br>109 South Warren Street<br>Suite 404<br>Syracuse, New York 13202<br>Attorneys for Defendants | **STEVEN D. LICKSTEIN, ESQ.**<br>**MATTHEW GRANT JUBELT, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Gary Palmer ("Plaintiff") filed this action against Simon's Agency, Inc. ("Defendant"), a collection agency, and "Does 1-10," Defendant's employees who are individual collectors whose identities are unknown to Plaintiff. *See* Dkt. No. 1, Compl., at ¶¶ 3-5. Plaintiff alleges four violations of the Fair Debt Collection Practices Act ("FDCPA") encompassed in one count. *See id.* at ¶¶ 17-23. He seeks statutory damages of $1,000.00, punitive damages, costs, and

attorney's fees. *See generally id.* Pending before the Court is Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, *see* Dkt. No. 10, and Plaintiff's motion for leave to file an amended complaint, *see* Dkt. No. 17.

## II. BACKGROUND

### A. Facts[1]

Plaintiff claims that he incurred and allegedly defaulted on a financial obligation (the "debt") to an original creditor that rendered medical services. *See* Dkt. No. 17-2 at ¶¶ 7, 9. According to Plaintiff, the debt was assigned or transferred to Defendant for collection, who attempted to collect the debt by placing calls to Plaintiff one or two times every day or almost every day beginning in late-summer or early-fall of 2018. *See id.* at ¶¶ 10, 14-15. Plaintiff alleges that, when he answered the calls, he heard a prerecorded message instructing him that the call was an attempt to collect a debt and to dial "one" to confirm his identity; however, after Plaintiff dialed "one," the call would disconnect. *See id.* at ¶ 16. Plaintiff further alleges that on or around October 19, 2018, he sent a written request through Defendant's website to cease calling him; and, instead, only correspond with him via mail. *See id.* at ¶ 21. Despite this request, Plaintiff claims that Defendant continued to place at least thirty calls to him over a three- to four-week period. *See id.* at ¶ 22.

In addition, Plaintiff alleges that he informed Defendant that he had enrolled in a "hardship program" with the original creditor, pursuant to which he was to pay off the debt in installment

---

[1] The Court has drawn the following facts from the allegations in Plaintiff's proposed amended complaint and has assumed their truth for purposes of Defendant's motion. *See* Dkt. No. 17-2.

payments.  *See id.* at ¶ 20.  Plaintiff claims that he was not in default on any of those payments.  *See id.*  As a result of Defendant's actions, Plaintiff contends that he has suffered and continues to suffer actual damages, including humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.  *See id.* at ¶ 25.

**B. Procedural history**

Plaintiff filed his complaint in this action on January 25, 2019, and Defendant subsequently moved to dismiss it.  *See* Dkt. Nos. 1, 10.  Instead of filing a response by the April 23, 2019, deadline, Plaintiff filed an Amended Complaint.  *See* Dkt. No. 13.  Defendant then filed a reply in further support of its motion to dismiss, whereby it alleged that Plaintiff's Amended Complaint violated Federal and Local Rules of Civil Procedure in that it was untimely, without leave of the Court, not red-lined, and was futile.  *See* Dkt. No. 14.

Plaintiff moved the Court to deem his Amended Complaint timely filed.  *See* Dkt. No. 15.  The Court denied this motion, ordered Plaintiff's untimely Amended Complaint stricken, and instructed Plaintiff to file a response to Defendant's motion to dismiss.  *See* Dkt. No. 16.  "The Court caution[ed] Plaintiff that failure to comply with the Federal Rules of Civil Procedure and this District's Local Rules of Practice in the future [might] result in sanctions, including the dismissal of this action."  *See id.* at 2.  The Court also informed Plaintiff that he could move for leave to file an amended complaint.  *See id.*

On May 10, 2019, Plaintiff filed the pending motion for leave to file an amended complaint, including a copy of Plaintiff's proposed amended complaint, which was red-lined as

the Local Rules require.² *See* Dkt. No. 17. Defendant's motion to dismiss Plaintiff's original complaint is still pending. *See* Dkt. No. 10.

### III. DISCUSSION

**A. Plaintiff's motion for leave to file an amended complaint**

Rule 15 of the Federal Rules of Civil Procedure declares that "[t]he court should freely give leave [to amend] when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). In *Foman v. Davis*, the Supreme Court stated, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Supreme Court, however, a court may deny a motion for leave to amend for reasons "'such as (1) undue delay, bad faith or dilatory motive on the part of the movant, (2) repeated failure to cure deficiencies by amendments previously allowed, (3) undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] (4) futility of amendment, . . .'" *Cummings v. FCA US LLC*, 401 F. Supp. 3d 288, 302 (N.D.N.Y. 2019) (quoting *Foman*, 371 U.S. at 182, 83 S. Ct. 227; *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous.*, 608 F.2d 28, 42 (2d Cir. 1979)). "An amendment is considered futile if it could not withstand a motion to dismiss

---

² However, as Defendant points out in its Memorandum in Opposition, Plaintiff's motion did not include an attorney affidavit, in violation of Local Rule 7.1(a)(2). *See* Dkt. No. 19 at 8. The Court finds that sanctioning Plaintiff's counsel $500 is appropriate for this omission because the Court already warned Plaintiff that his "failure to comply with the Federal Rules of Civil Procedure and this District's Local Rules of Practice [might] result in sanction[.]" *See* Dkt. No. 16 at 2.

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Champion v. Kirkpatrick*, No. 9:18-CV-1498 (MAD/ML), 2019 WL 4451255, *4 (N.D.N.Y. Sept. 17, 2019).[3]

Plaintiff contends that granting his motion for leave to amend his complaint would not cause undue delay, would not unduly prejudice Defendant, and there is no evidence that it was made in bad faith or with dilatory motive.[4] *See* Dkt. No. 17-1 at 5-6. Defendant does not dispute this. *See generally* Dkt. No. 19. Further, although Plaintiff's first attempt to amend his complaint was untimely, there have not been "repeated failures" to cure deficiencies by previously allowed amendments. Therefore, the issue the Court must decide is whether Plaintiff's proposed amended complaint is futile, *i.e.*, whether it can withstand a motion to dismiss for failure to state a claim.

To state a claim for a violation of the FDCPA, "a plaintiff must establish three elements: (1) the plaintiff must be a 'consumer' who is alleged to owe a debt or the target of efforts to collect a consumer debt; (2) the defendant must be a 'debt collector'; and (3) the defendant must have engaged in conduct violating FDCPA requirements." *DeWolf v. Samaritan Hosp.*, No. 1:17-CV-277 (BKS/CFH), 2018 WL 3862679, *2 (N.D.N.Y. Aug. 14, 2018) (citing *Cruz v.*

---

[3] To withstand a motion to dismiss pursuant to Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). "'The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."'" *Id.* (quotation omitted).

[4] Plaintiff asserts that his ability to amend his complaint as of right expired April 17, 2019. *See* Dkt. No. 17-1 at 5. He argues that he missed the deadline by six days because Plaintiff's counsel mistakenly understood the April 23, 2019 deadline to respond to Defendant's motion to dismiss to encompass *any* response, including the filing of an amended complaint. *See id.*

*Credit Control Servs., Inc.*, No. 17-cv-1994, 2017 WL 5195225, at *4, 2017 U.S. Dist. LEXIS 186125 (E.D.N.Y. Nov. 8, 2017); 15 U.S.C. §§ 1692d, 1692e, 1692f (prohibiting debt collectors from engaging in specified debt collection practices)).

Defendant argues that Plaintiff has not alleged that his debt is a consumer debt covered by the FDCPA. *See* Dkt. No. 19 at 10. The FDCPA provides that a "consumer" includes "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Plaintiff has alleged that he "incurred a financial obligation for medical services rendered (the 'Debt') by a medical services provider, the original creditor (the 'Creditor')." *See* Dkt. No. 17-2 at ¶ 7. Thus, the Court finds that Plaintiff has adequately alleged he is a "consumer."

Second, the FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). In his proposed amended complaint, Plaintiff alleged, "[t]he Debt arose from medical services provided by the Creditor, and as such were primarily for family, personal or household purposes and which meets the definition of a 'debt' under 15 U.S.C. § 1692a(5)." *See* Dkt. No. 17-2 at ¶ 8. Therefore, the Court additionally finds that Plaintiff has adequately alleged he incurred a "debt" covered by the FDCPA.

Next, Defendant argues that Plaintiff has not alleged it is a "debt collector," as defined by the FDCPA. *See* Dkt. No. 19 at 10. "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In

his proposed amended complaint, Plaintiff alleges that "[Defendant] is engaged in the business of collecting debts owed to its clients and, as such, regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another." *See* Dkt. No. 17-2 at ¶ 11. Specifically, Plaintiff alleges, "[Defendant] represents on its website that it 'has a proven 50-year track record of client satisfaction by leveraging state-of-the-art technology, one-on-one client relations and the vast experience of our management team and multi-lingual collections staff to recover our clients' outstanding receivables.'" *See id.* at ¶ 12 (citation omitted). Based on these allegations, the Court finds that Plaintiff has adequately alleged that Defendant is a "debt collector" as defined by the statute.

Finally, the Court must determine whether Plaintiff has adequately pled his cause of action for violations of the FDCPA to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, or whether amending that claim is futile. Plaintiff alleges four different violations of the FDCPA in his complaint.

First, Plaintiff alleges that Defendant's conduct violated 15 U.S.C. § 1692c(c) "in that Defendants contacted Plaintiff after having received written notification from Plaintiff to cease communication." *See* Dkt. No. 17-2 at ¶ 27. That section provides, "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt" except "to advise the consumer that the debt collector's further efforts are being terminated," "to notify the consumer that the debt collector or creditor may invoke specified remedies," or "to notify the consumer that the debt collector or creditor intends to invoke a specified remedy." 15 U.S.C. §§ 1692c(c); 1692c(c)(1)-(3).

Plaintiff specifically alleges in his proposed amended complaint that, "[o]n or around October 19, 2018, Plaintiff sent a written request through [Defendant]'s website that [Defendant] cease calling him and, instead, only correspond with him via mail." *See* Dkt. No. 17-2 at ¶ 21. Plaintiff further alleges that, "[d]espite Plaintiff's written request, [Defendant] continued to place at least thirty (30) calls to Plaintiff over a three- to four-week period." *See id.* at ¶ 22. On those calls, Plaintiff alleges he heard a "prerecorded message instructing him that the call was an attempt to collect a debt and to dial 'one' to confirm his identity." *See id.* at ¶ 23. Plaintiff also alleges that those calls were not for one of the excepted purposes described in 15 U.S.C. §§ 1692c(c)(1)-(3). At this stage in the proceedings, drawing all reasonable inferences in the light most favorable to Plaintiff, the Court finds that he sufficiently alleged a cause of action against Defendant for violating § 1962c(c) of the FDCPA and, further, that Plaintiff's proposed amended complaint would not be futile with regard to this cause of action.

Second, Plaintiff alleges that "Defendants' conduct violated 15 U.S.C. §§ 1692d and 1692d(5) in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt." *See* Dkt. No. 17-2 at ¶ 28. One example of harassment or abuse listed in the statute includes "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Based on the facts outlined above, and Plaintiff's resulting humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, *see* Dkt. No. 17-2 at ¶ 25, the Court finds that Plaintiff has plausibly stated a claim against Defendant for violating §§ 1692d and 1692d(5) of the FDCPA. Accordingly, Plaintiff's proposed amended complaint is not futile with regard to these violations.

Finally, Plaintiff alleges that Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant "used unfair and unconscionable means to collect a debt in that it (1) attempted to collect a debt which Plaintiff had agreed with the Creditor to pay in installments under the Creditor's 'hardship program,' and Plaintiff was not in default on any of those installment payments, and (2) failed to verify with the Creditor whether Plaintiff had enrolled in the 'hardship program' and whether Plaintiff was in default on any payments thereunder." *See* Dkt. No. 17-2 at ¶ 30.

As the *DeWolf* court noted, "[s]ection 1692f prohibits unfair debt collection practices," and it was "'enacted specifically "to catch conduct not otherwise covered by the FDCPA," because Congress was "[c]ognizant that it could not anticipate every improper practice used by debt collectors."'" *DeWolf*, 2018 WL 3862679, at *5 (quoting *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 530 (S.D.N.Y. 2013) (alternation in original) (quoting *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 781-82 (E.D.N.C. 2011))). In *DeWolf*, the plaintiff claimed a violation of section 1692f, which the court dismissed because he did not specify which alleged misconduct violated that section. *See id.* Furthermore, the unfair conduct he alleged was already covered by a violation of another section of the FDCPA. *See id.*

Here, Plaintiff specifically alleges in his proposed amended complaint which conduct he claims was unfair and unconscionable – attempting to collect a debt for which Plaintiff was not in default and failing to verify whether the debt was in default. *See* Dkt. No. 17-2 at ¶ 30. This violation is different from Defendant's repeated phone calls, disconnecting, and ignoring Plaintiff's written request to cease contacting him by telephone. This violation stems from the *reason* that Defendant was allegedly harassing Plaintiff and violating sections 1692c(c) and 1692d, and the fact that Defendant failed to verify with the creditor that Plaintiff was not in

default after he informed it of such. For these reasons, the Court finds that Plaintiff adequately alleged that Defendant violated § 1692f of the FDCPA; and, therefore, any amendment to this claim is not futile. For all the above-stated reasons, the Court grants Plaintiff leave to amend his complaint and, therefore, will evaluate Defendant's motion to dismiss with reference to Plaintiff's proposed amended complaint.

**B. Defendant's motion to dismiss**

As a preliminary matter, as a result of the Court's granting of Plaintiff's motion to file an amended complaint, Defendant's motion to dismiss Plaintiff's original complaint is moot.

In opposition to Plaintiff's motion to amend his complaint, Defendant argues, relying on the same arguments that it raised in support of its motion to dismiss the original complaint, that the proposed amended complaint "still fails to plead facts to suggest the existence of a qualifying 'debt' or [that Defendant is] a 'debt collector,' as such terms are defined under the FDCPA." *See* Dkt. No. 19 at 10 (citations omitted). As explained above, however, the Court finds that Plaintiff's proposed amended complaint does in fact state a plausible claim that Defendant violated the FDCPA. Therefore, to the extent that Defendant's opposition to Plaintiff's motion to file an amended complaint can be construed as a motion to dismiss that amended complaint, the Court denies that motion as well.

## IV. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for leave to file an amended complaint, *see* Dkt. No. 17, is **GRANTED**. Plaintiff must file any such amended complaint within **fourteen days** of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Defendant's motion to dismiss Plaintiff's original complaint, *see* Dkt. No. 10, is **DENIED** as moot; and the Court further

**ORDERS** that, to the extent that Defendant's opposition to Plaintiff's motion for leave to file an amended complaint could be construed as a motion to dismiss the proposed amended complaint, the Court **DENIES** that motion; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Dancks for all further pretrial matters; and the Court further

**ORDERS** that, within **fourteen days** of the date of this Memorandum-Decision and Order, Plaintiff's counsel, Mr. Sergei Lemberg, Esq., shall mail a check, in the amount of $500,[5] payable to the Clerk of the Court, Northern District of New York, to the following address:

> Clerk of the Court
> U.S. District Court
> Northern District of New York
> James Hanley U.S. Courthouse and Federal Building, 7th Floor
> 100 South Clinton Street
> Syracuse, New York 13261-7367

---

[5] It is well-settled that "[t]he court has inherent power to sanction parties and their attorneys, a power born of the practical necessity that courts be able to 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). The Court finds that a $500 sanction will promote respect for the litigation process without creating a chilling effect on attorney creativity or advocacy.

as a sanction for repeated failures to comply with this District's Local Rules, even after the Court advised him that any further failure to comply with these Rules might result in the imposition of sanctions.

    Plaintiff's counsel shall also reference this Memorandum-Decision and Order on his check.

**IT IS SO ORDERED.**

Dated:   March 23, 2020
         Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge