**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Gary Palmer,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Simon's Agency, Inc.; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | Civil Action No.: 6:19-cv-00114-FJS-TWD<br><br>**FIRST AMENDED COMPLAINT** |

For this First Amended Complaint, Plaintiff, Gary Palmer, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Gary Palmer ("Plaintiff"), is an adult individual residing in Clinton, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Simon's Agency, Inc. ("SAI"), is a New York business entity with an address of 4963 Wintersweet Drive, Liverpool, New York 13088, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by SAI and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined

as parties once their identities are disclosed through discovery.

6. SAI at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

7. Plaintiff allegedly incurred a financial obligation for medical services rendered (the "Debt") by a medical services provider, the original creditor (the "Creditor").

8. The Debt arose from medical services provided by the Creditor, and as such were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. Plaintiff allegedly defaulted on the Debt.

10. Subsequently, the Debt was assigned or transferred to SAI for collection, or SAI was employed by the Creditor to collect the Debt.

11. SAI is engaged in the business of collecting debts owed to its clients and, as such, regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another.

12. Specifically, SAI represents on its website that it "has a proven 50-year track record of client satisfaction by leveraging state-of-the-art technology, one-on-one client relations and the vast experience of our management team and multi-lingual collections staff to recover our clients' outstanding receivables." (https://www.simonsagency.com/about/, last visited April 23, 2019).

13. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **SAI Engages in Harassment and Abusive Tactics**

14. In late-summer or early-fall 2018, SAI began contacting Plaintiff in an attempt to

collect the Debt.

15. SAI called plaintiff one or two times every day or almost every day.

16. When SAI placed calls to Plaintiff, he heard a prerecorded message instructing him that the call was an attempt to collect a debt and to dial "one" to confirm his identity. However, after Plaintiff dialed "one," the call would disconnect.

17. On at least two occasions, Plaintiff returned SAI's call, spoke with a SAI representative and requested that SAI send him written notification detailing the alleged Debt it was attempting to collect.

18. SAI never sent Plaintiff the requested writing.

19. Plaintiff additionally informed SAI that he had enrolled in a "hardship program" with the Creditor, pursuant to which Plaintiff was to pay off the alleged Debt in installment payments, and that Plaintiff was not in default on any of those payments.

20. Upon information and belief, SAI never verified with the Creditor whether Plaintiff had enrolled in the "hardship program" or whether Plaintiff was in default on any installment payments thereunder and, instead, continued to call Plaintiff in an attempt to collect the Debt.

21. On or around October 19, 2018, Plaintiff sent a written request through SAI's website that SAI cease calling him and, instead, only correspond with him via mail.

22. Despite Plaintiff's written request, SAI continued to place at least thirty (30) calls to Plaintiff over a three- to four-week period.

23. On those calls, Plaintiff heard the same the same prerecorded message instructing him that the call was an attempt to collect a debt and to dial "one" to confirm his identity. As such, the calls were not (1) to advise Plaintiff that SAI's further efforts are being terminated, (2)

3

to notify Plaintiff that SAI or the Creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor, or (3) to notify Plaintiff that SAI or the Creditor intended to invoke a specified remedy.

## C. Plaintiff Suffered Actual Damages

24. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

25. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted Plaintiff after having received written notification from Plaintiff to cease communication.

28. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

29. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

30. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt in that it (1) attempted to collect a debt which Plaintiff had agreed with the Creditor to pay in installments under the Creditor's "hardship

4

program," and Plaintiff was not in default on any of those installment payments, and (2) failed to verify with the Creditor whether Plaintiff had enrolled in the "hardship program" and whether Plaintiff was in default on any payments thereunder.

31. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

32. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages in such amount as is found appropriate; and

5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 2, 2020

          Respectfully submitted,

          By: /s/ Sergei Lemberg

          Sergei Lemberg (SL 6331)
          LEMBERG LAW, L.L.C.
          43 Danbury Road, 3rd Floor
          Stamford, CT 06905
          Telephone: (203) 653-2250
          Facsimile:  (203) 653-3424
          Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2020, a true and correct copy of the foregoing Amended Complaint was served electronically via Electronic Document Filing System (ECF) and that the document is available on the ECF system.

*/s/ Sergei Lemberg*
Sergei Lemberg
