UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GARY PALMER,

                              Plaintiff,

        v.                                                    6:19-CV-114
                                                                (FJS/TWD)

SIMON'S AGENCY, INC.; and DOES 1-10,

                              Defendants.

---

APPEARANCES                          OF COUNSEL

LEMBERG LAW, LLC                     SERGEI LEMBERG, ESQ.
43 Danbury Road
Wilton, Connecticut 06897
Attorneys for Plaintiff

NEWMAN & LICKSTEIN                   STEVEN D. LICKSTEIN, ESQ.
109 South Warren Street              MATTHEW GRANT JUBELT, ESQ.
Suite 404
Syracuse, New York 13202
Attorneys for Defendants

SCULLIN, Senior Judge

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION AND BACKGROUND

Gary Palmer ("Plaintiff") filed this action against Simon's Agency, Inc. ("Defendant"),

a collection agency, and "Does 1-10," Defendant's employees who are individual collectors

whose identities are unknown to Plaintiff.  *See* Dkt. No. 1 at ¶¶ 3-5.  Plaintiff alleged four

violations of the Fair Debt Collection Practices Act encompassed in one count.  *See id.* at ¶¶ 17-

23.  He sought statutory damages of $1,000.00, punitive damages, costs, and attorney's fees. *See generally id.*

Plaintiff, by and through his counsel Mr. Sergei Lemberg, Esq., filed his complaint in this action on January 25, 2019, and Defendant subsequently moved to dismiss it.  *See* Dkt. Nos. 1, 10.  Instead of filing a response by the April 23, 2019, deadline, Plaintiff filed an Amended Complaint.  *See* Dkt. No. 13.  Defendant then filed a reply in further support of its motion to dismiss, whereby it alleged that Plaintiff's Amended Complaint violated Federal and Local Rules of Civil Procedure in that it was untimely, without leave of the court, not red-lined, and futile.  *See* Dkt. No. 14.

Plaintiff moved the Court to deem his Amended Complaint timely filed.  *See* Dkt. No. 15.  In a May 2019 Order, the Court denied this motion, ordered Plaintiff's untimely Amended Complaint stricken, and instructed Plaintiff to file a response to Defendant's motion to dismiss. *See* Dkt. No. 16.  "The Court caution[ed] Plaintiff that failure to comply with the Federal Rules of Civil Procedure and this District's Local Rules of Practice in the future [might] result in sanctions, including the dismissal of this action."  *See id.* at 2.  The Court also informed Plaintiff that he could move for leave to file an amended complaint.  *See id.*

On May 10, 2019, Plaintiff moved for leave to file an amended complaint, and he included a copy of his proposed amended complaint, which was red-lined as the Local Rules require.  *See* Dkt. No. 17.  However, Plaintiff's motion did not include an attorney affidavit, in violation of Local Rule 7.1(a)(2).  *See id.*  In its March 2020 Order, the Court denied Defendant's motion to dismiss and granted Plaintiff's motion for leave to file an amended complaint.  *See* Dkt. No. 20.

In that Order, the Court sanctioned Mr. Lemberg in the amount of $500 for his failure to submit an attorney affidavit.  *See id.* at 11.  The Court found that "$500 is appropriate for this omission because the Court already warned Plaintiff" that his failure to comply with Federal and Local Rules of Practice could result in sanctions.  *See id.* at 4 n.2.  To further support its decision, the Court noted the following:

> It is well-settled that "[t]he court has inherent power to sanction parties and their attorneys, a power born of the practical necessity that courts be able … 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).  The Court finds that a $500 sanction will promote respect for the litigation process without creating a chilling effect on attorney creativity or advocacy.

*Id.* at 11 n.5.

 Pending before the Court is Mr. Lemberg's motion for reconsideration of that sanction.  *See* Dkt. No. 22.

## II. DISCUSSION

### A.  Mr. Lemberg's motion for reconsideration of the $500 sanction

"In this district, reconsideration of an order entered by the Court is appropriate upon a showing of '(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'"  *Agee v. Mitchell*, No. 9:19-CV-0057 (BKS/ATB), 2019 WL 6827297, *1 (Dec. 13, 2019) (quoting *In re C-TC 9th Ave. P'ship*, 182 B.R. 1, 3 (N.D.N.Y. 1995)) (other citations omitted).  "To qualify for reconsideration, '[t]he moving party [must] point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  *Id.* at *2 (quoting *Shrader v. CSX*

*Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  In Mr. Lemberg's motion, he appears to argue that sanctioning him would create a manifest injustice.  *See generally* Dkt. No. 22-2 at 4-8.

First, Mr. Lemberg asserts that the Court erred in sanctioning him without making a finding of bad faith.  *See id.* at 4-7.  Mr. Lemberg points to controlling caselaw – including the *Revson* decision that the Court cited when sanctioning him – to assert that district courts should only exercise their inherent power to sanction parties and their attorneys "where the party or the attorney has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *See id.* at 6 (quoting *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000) (other quotations omitted)).  Critically, Mr. Lemberg contends, "[a]n award of sanctions under the court's inherent power requires both 'clear evidence that the challenged actions are *entirely without color*, and [are taken] for reasons of harassment or delay or for other improper purposes…'"  *See id.* (quoting *Revson*, 221 F.3d at 78 (other quotations omitted)).  Mr. Lemberg argues that he filed Plaintiffs' Amended Complaint in response to Defendant's motion to dismiss on the April 23, 2019 deadline under the justifiable belief that the Court's deadline encompassed any response to that motion.  *See id.*  Mr. Lemberg further asserts that his failure to file an affidavit with Plaintiff's motion for leave to file an amended complaint was simply a professional judgment call;[1] it was not intended in bad faith or for any vexatious purpose.  *See id.*

Second, Mr. Lemberg contends that the Court failed to afford him a heightened standard of due process.  Mr. Lemberg asserts that – before imposing a punitive sanction – he was entitled to the benefit of notice, the opportunity to be heard, the right to a public trial, the assistance of counsel, the presumption of innocence, the privilege against self-incrimination,

---

[1] The Court notes, for future reference, that Mr. Lemberg's "professional judgment call" does not trump an Order of this Court or the requirements of the Federal Rules of Civil Procedure or this District's Local Rules of Practice.

and the requirement of proof beyond a reasonable doubt.  *See id.* at 7-8 (citing *Mackler Prods., Inc. v. Cohen*, 225 F.3d 136, 142 (2d Cir. 2000)).

Out of an abundance of caution to prevent manifest injustice and a desire to ensure that Mr. Lemberg was afforded his due process right to be heard on this issue, the Court grants Mr. Lemberg's motion to reconsider his sanction.  The Court further discusses the merits of his arguments below.

## B.  The Court's reconsideration of its decision to sanction Mr. Lemberg

"'Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'"  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L. Ed. 2015 (1821)); (citing *Ex parte Robinson*, 19 Wall. 505, 510, 22 L. Ed. 205 (1874)).  "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-1389, 8 L. Ed. 2d 734 (1962)).  The Second Circuit has interpreted the court's power to manage its own affairs, including by way of sanction, as the court's "inherent power."  *See Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000); *see also Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002) (noting that "[a] court has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for bad-faith conduct or for disobeying the court's orders" (citation omitted)).

As Defendant points out in its Memorandum in Opposition, Mr. Lemberg's bad faith argument focuses on cases in which courts award attorney's fees to the other party, in contravention to the traditional American Rule that each side pay its own fees, which requires a

- 5 -

finding of "bad faith, vexatious, wanton, or oppressive" motives.  *See* Dkt. No. 24 at *7-*8; *see also Chambers*, 501 U.S. at 46.  In *United States v. Seltzer*, the Second Circuit distinguished the court's inherent power to impose attorney's fees as a sanction versus its inherent power to impose relatively minor non-compensatory sanctions on an attorney.  *See generally United States v. Seltzer*, 227 F.3d 36, 39-41 (2d Cir. 2000); *see also Rosellini v. United States Bankr. Ct. (In re Sanchez)*, 941 F.3d 625, 628 (2d Cir. 2019).

In *Seltzer*, "the district court imposed sanctions because [the lawyer] allegedly had disrupted and delayed proceedings and violated a prior order of the court."  *Seltzer*, 227 F.3d at 40-41.  The Second Circuit noted that there was "no allegation that either of these actions was undertaken as part of [the lawyer]'s role in representing her client.  Rather, both of these charges involve a lawyer's negligent or reckless failure to perform his or her responsibility as an officer of the court."  *Id.* at 41.  The Second Circuit continued, "[u]nder circumstances such as these, sanctions may be justified absent a finding of bad faith given the court's inherent power '"to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."'"  *Id.* (quoting *Chambers*, 501 U.S. at 43, 111 S. Ct. 2123 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962))).  The Second Circuit emphasized that its opinion was "intended to clarify the circumstances under which a district court has the power to sanction pursuant to its inherent authority without a finding of bad faith."  *Id.* (citation omitted).  Specifically, the Second Circuit held the following:

> When a district court invokes its inherent power to impose attorney's fees or to punish behavior by an attorney in "the actions that led to the lawsuit … [or] conduct of the litigation," … which actions are taken on behalf of a client, the district court must make an explicit finding of bad faith. … But, when the district court invokes its inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit, the district court need not find bad faith before imposing a sanction under its inherent power.

*Id.* at 41-42 (internal citations omitted).

As explained above, the Court initially cautioned Mr. Lemberg after he filed an Amended Complaint in violation of Federal and Local Rules of Practice. *See generally* Dkt. Nos. 13, 16. Mr. Lemberg then failed to attach an attorney affidavit to his motion for leave to file an amended complaint. *See generally* Dkt. No. 17. This violated Local Rule 7.1(a)(2), which provides that an affidavit – containing factual and procedural background that is relevant to the motion the affidavit supports – is required for all motions except "(A) a motion pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted; (B) a motion pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings; and (C) a motion pursuant to Fed. R. Civ. P. 12(f) to strike a portion of a pleading[.]" Local R. 7.1(a)(2). The Court finds that Mr. Lemberg's second misstep in following the Local Rules, after a direct order from the Court cautioning him against such missteps, amounts to a negligent or reckless failure to perform his responsibilities as an officer of the Court. Accordingly, the Court holds that it was within its inherent power to sanction Mr. Lemberg without a finding of bad faith.

Furthermore, Plaintiff's counsel's due process analysis is flawed. Although Mr. Lemberg contends that he was entitled to criminal procedural protections, such as the right to an attorney, his sanction was civil—not punitive—and a different standard of due process applies. "Before imposing sanctions, the court must afford the person it proposes to sanction due process, *i.e.*, 'notice and opportunity to be heard.'" *Mickle*, 297 F.3d at 126 (quoting *In re Ames Department Stores, Inc.*, 76 F.3d 66, 70 (2d Cir. 1996)). "An attorney whom the court proposes to sanction 'must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter.'" *Id.* (quoting *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 97 (2d Cir. 1997) (attorney 'must

- 7 -

be forewarned of the authority under which sanctions are being considered, and given a chance

to defend himself against specific charges")); (citing *United States v. Seltzer*, 227 F.3d at 42-43

(vacating sanctions and remanding for further proceedings where attorney had not been given

proper notice and an opportunity to be heard)).

      The Court clearly afforded Mr. Lemberg notice when, in its May 2019 Order it

provided, in bold-faced print, "The Court cautions Plaintiff that failure to comply with the

Federal Rules of Civil Procedure and this District's Local Rules of Practice in the future may

result in sanctions including the dismissal of this action."  *See* Dkt. No. 16 at 2.  In *Mitchell v.*

*Lyons*, the Second Circuit held that "[a]n opportunity to be heard before a [sanction] takes effect

is not required when the notice of [the] impending [sanction] is clearly communicated…"

*Mitchell v. Lyons*, 708 F.3d 463, 468 (2d Cir. 2013).  According to the Second Circuit,

"*Mickle's* requirements are met so long as the opportunity to be heard occurs before or at the

time of [the sanction] or, as in this case, at a separate motion for reconsideration."  *Id.* (citation

omitted).  Thus, the Court finds that Mr. Lemberg's pending motion for reconsideration has

adequately provided him with an opportunity to be heard.

      Finally, "[a]n award of sanctions under the court's inherent power must be based on

'clear evidence' and must be accompanied by 'a high degree of specificity in the factual

findings…'"  *Mickle*, 297 F.3d at 125-26 (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1272

(2d Cir. 1986) (internal quotation marks omitted), *cert. denied,*  480 U.S. 918, 107 S. Ct. 1373,

94 L Ed. 2d 689 (1987)); (citing *United States v. Seltzer*, 227 F.3d 36, 43 (2d Cir. 2000)).  In

*Mitchell*, the Second Circuit found that, because of the specificity in the court's prior order and

its reference in open court to the attorney's repeated failures to comply with court orders, the

district court's reasons for sanctioning the attorney were self-evident and provided him "with an

opportunity to respond in an informed manner to the reasons for the sanction." *Mitchell*, 708 F.3d at 468 (citation omitted). In this case, the Court thoroughly described Mr. Lemberg's first failure to comply with the Rules in its May 2019 Order. *See* Dkt. No. 16. The Court further made clear, in its March 2020 Order, that Mr. Lemberg was being sanctioned for failing to submit an affidavit with his motion for leave to file an amended complaint in violation of Local Rule 7.1(a)(2). Therefore, the Court finds that Mr. Lemberg's sanction was accompanied by the requisite degree of specificity in the factual findings.

## III. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Mr. Lemberg's motion to reconsider the Court's decision to impose a $500 sanction on him, *see* Dkt. No. 22, is **GRANTED**; and the Court further

**ORDERS** that, after such reconsideration, the Court **DECLINES TO REVERSE** its decision to impose that sanction; and the Court further

**ORDERS** that, to the extent that Defendant requests that the Court impose further sanctions or award it fees for having to respond to this motion, *see* Dkt. No. 24, that request is **DENIED**; and the Court further

**ORDERS** that, within **fourteen days** of the date of this Order, Mr. Lemberg, shall mail a check, in the amount of $500, payable to the Clerk of the Court, Northern District of New York, to the following address:

Clerk of the Court

U.S. District Court
Northern District of New York
James Hanley U.S. Court and Federal Building, 7th Floor
100 S. Clinton Street
Syracuse, NY 13261-7367

Mr. Lemberg shall also reference this Order on his check.

**IT IS SO ORDERED.**

Dated: May 5, 2020
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge